**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2792
_____

WILLIAM BRACE,
                    Appellant

v.

COUNTY OF LUZERNE;
LUZERNE COUNTY EMPLOYEES' RETIREMENT SYSTEM;
LUZERNE COUNTY RETIREMENT BOARD;
MARYANNE C. PETRILLA, Chairman/Trustee,
Individually and in her official capacity;
THOMAS J. COONEY, Trustee, Individually and in his official capacity;
STEPHEN A URBAN, Trustee, Individually and in his official capacity;
WALTER I. GRIFFITH, JR, Trustee, Individually and in his official capacity.;
MICHAEL MORREALE, Trustee, Individually and in his official capacity
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3:11-cv-02101)
District Judge:  Hon. A. Richard Caputo

Argued:  January 16, 2013

Before:  SMITH, CHAGARES, and BARRY, Circuit Judges.

(Filed: August 13, 2013)


Carl J. Poveromo [ARGUED]
Rinaldi & Poveromo
520 Spruce Street
P.O. Box 826
Scranton, PA 18501-0000
        Counsel for Appellant

Howard R. Flaxman [ARGUED]
Robert S. Tintner
Beth L. Weisser
Fox Rothschild
2000 Market Street
20th Floor
Philadelphia, PA 19103

Joel M. Wolff [ARGUED]
David Z. Lantz
Elliott Greenleaf & Dean
39 Public Square
Suite 1000
Wilkes-Barre, PA 18701

Donald G. Karpowich
Sean W. Logsdon
Kevin M. Walsh, Jr.
85 Drasher Road
Drums, PA 18222
        Counsel for Appellees

———————

OPINION
———————

CHAGARES, Circuit Judge.

William Brace appeals an order of the District Court for the Middle District of Pennsylvania granting a motion to dismiss his lawsuit against the County of Luzerne, the Luzerne County Employees' Retirement System, the Luzerne County Retirement Board, and several individuals (collectively, "the defendants") for the alleged violation of Brace's constitutional rights in connection with the termination of his retirement benefits. Because we hold that the defendants did not violate Brace's substantive and procedural due process rights, we will affirm the District Court's order.

2

I.

As we write solely for the benefit of the parties, we set out only the facts that relate to our disposition. Brace was appointed Deputy Clerk of Courts with the Office of the Clerk of Courts in and for Luzerne County, Pennsylvania on October 3, 2001. This position required him to become a member of the Luzerne County Employees' Retirement System and to contribute to the System's fund. Brace served as Deputy Clerk of Courts until April 2005, when he was appointed to the position of Deputy Chief Clerk of the Board of Luzerne County Commissioners. He served as Deputy Chief Clerk until he retired on November 4, 2008, and he then filed an application for retirement benefits with the Retirement Board, which was approved.

On January 6, 2010, Brace pleaded guilty in the District Court for the Middle District of Pennsylvania to having violated 18 U.S.C. § 666(a)(1)(B), a federal statute that criminalizes, among other things, "corruptly . . . accept[ing] or agree[ing] to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more." The activity underlying the conviction was Brace's acceptance, while he was Deputy Chief Clerk, of a "tailor-made, monogrammed suit, with an approximate value of less than $1,500.00." Appendix ("App.") 14. Brace received the suit "as a reward for supporting the efforts of a contractor who entered into a contract with Luzerne County." Id.

Brace received regular payment of his benefits after his retirement. However, upon entry of his guilty plea in federal court on January 6, 2010, the Retirement Board

3

terminated Brace's benefits, pursuant to the Pennsylvania Public Employee Pension Forfeiture Act ("PEPFA"), 43 Pa. Cons. Stat. § 1313(a). That statute mandates that public employees guilty of a crime related to public employment forfeit their entitlement to retirement benefits. Specifically, it provides that:

> Notwithstanding any other provision of law, no public official or public employee nor any beneficiary designated by such public official or public employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of the contribution paid into any pension fund without interest, if such public official or public employee is convicted or pleads guilty or no defense to any crime related to public office or public employment.

43 Pa. Cons. Stat. § 1313(a). The PEPFA explicitly lists Pennsylvania state crimes that qualify as "crime[s] related to public office or public employment," and it provides that it "also includes all criminal offenses as set forth in Federal law substantially the same as the crimes enumerated herein." Id. § 1312. The Luzerne County Retirement Board held that § 666(a)(1)(B), the federal crime to which Brace pleaded guilty, is "substantially the same" as the Pennsylvania crime of "Bribery in Official and Political Matters," which is enumerated in § 1312 of the PEPFA. 18 Pa. Cons. Stat. § 4701; see also 43 Pa. Cons. Stat. § 1312. Interpreting this provision, the Retirement Board held that Brace had forfeited his right to retirement benefits, and terminated his retirement benefits.

Brace sued Luzerne County, the Retirement Board, the Employees' Retirement System, and assorted individuals and trustees, pursuant to 42 U.S.C. § 1983. As is relevant to this appeal, he alleged violations of his substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution. He claims that 18 U.S.C. § 666(a)(1)(B) is not substantially the same as 18 Pa. Cons. Stat. §

4

4701. Brace further argues that he has a fundamental property interest in his retirement benefits, such that it was a violation of his right to substantive due process to strip him of those benefits. Moreover, he claims that the fact that his benefits were terminated without a hearing deprived him of his right to procedural due process.

Finding that the Retirement Board correctly determined that 18 U.S.C. § 666(a)(1)(B) is substantially the same as 18 Pa. Cons. Stat. § 4701, the District Court held that both of Brace's due process claims were without merit at the motion-to-dismiss stage. The District Court determined that Brace has no fundamental interest in retirement benefits that would have invoked his substantive due process rights, and also held that, even if such an interest existed, the termination of Brace's benefits did not meet the high "shocks the conscience" standard required for Brace's substantive due process claim to succeed. The District Court further held that Brace's procedural due process rights were not violated because Brace had no protected property interest in his retirement benefits.

## II.

The District Court had jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343, and 1367, because allegations in Brace's complaint arise under the United States Constitution and seek to recover damage for civil rights violations. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

We exercise plenary review of the District Court's grant of a motion to dismiss. Santiago v. GMAC Mortg. Grp., Inc., 417 F.3d 384, 386 (3d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

5

(2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

We note at the outset of our analysis that this matter is not before the Court for review of the Retirement Board's decision that Brace's federal crime is substantially the same as a state crime enumerated in the PEPFA. Rather, because Brace has brought a lawsuit under § 1983, this Court is tasked only with examining whether the defendants, in terminating Brace's retirement benefits, violated his substantive and procedural due process rights. Accordingly, although the District Court's opinion reviews the Retirement Board's decision, and the parties have briefed this case as though such a challenge is before us, we do not consider the merits of the Retirement Board's decision to terminate Brace's retirement benefits in our review of the defendants' conduct in effecting that termination.

A.

In order to show a violation of his or her substantive due process rights, a plaintiff must show, first, that "the particular interest at issue is protected by the substantive due process clause," and that "the government's deprivation of that protected interest shocks the conscience." Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008). Even if it were possible for Brace to show that he had the necessary fundamental interest in his retirement benefits, Nicholas v. Pa. State Univ., 227 F.3d 133, 139-40 (3d Cir. 2000) ("To prevail on a non-legislative substantive due process claim, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth

6

Amendment's due process protection applies," which requires a showing that the interest is of a "particular quality" that is "fundamental under the United States Constitution.") (quotation marks omitted), nevertheless the conduct of the defendants in terminating those benefits does not shock the conscience. Conscience-shocking conduct requires even more than alleged "improper motive" — and Brace has not even alleged that here. Chainey, 523 F.3d at 220. "[O]nly the most egregious official conduct" is said to shock the conscience, id. at 219, and this Court has acknowledged in the land-use context that such a high standard "prevents us from being cast in the role of a zoning board of appeals." United Artists Theatre Cir., Inc. v. Twp. of Warrington, Pa., 316 F.3d 392, 402 (3d. Cir. 2003) (quotation marks omitted). Likewise, in reviewing Brace's case, application of the shocks-the-conscience standard prevents the Court from being cast as a retirement board of appeals — and it lucidly shows that Brace's substantive due process rights have not been violated.

B.

We also hold that Brace's procedural due process rights have not been violated by the Retirement Board's decision. "A procedural due process claim is subject to a two-stage inquiry: (1) whether the plaintiff has a property interest protected by procedural due process, and (2) what procedures constitute due process of law." Schmidt v. Creedon, 639 F.3d 587, 595 (3d Cir. 2011) (quotation marks omitted).

Because our analysis of the second stage of this inquiry resolves the matter, we need not consider whether Brace had a property interest in his pension for procedural due process purposes. That is, we hold that Brace was not entitled to a hearing before the

7

Retirement Board made its decision to terminate his benefits. Procedural due process contemplates an individual's right to a hearing where he or she is afforded the opportunity to produce evidence that could "refute the charge" and "clear his name." Codd v. Velger, 429 U.S. 624, 627 (1977). In Brace's case, such an evidentiary hearing would have served no purpose since Brace does not dispute facts underlying the Retirement Board's decision to apply the PEPFA. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976) (requiring the court to consider "the probable value, if any, of additional or substitute procedural safeguards" when deciding whether a hearing is necessary before a property right is given away). Brace concedes (as he must), that he pleaded guilty to a violation of 18 U.S.C. § 666(a)(1)(B). Consequently, Brace claims that he was entitled to a pre-termination hearing that concerned only the Retirement Board's legal conclusion that § 666(a)(1)(B) is substantially the same as an enumerated state crime. He cites no authority for the proposition that procedural due process provides a right to a pre-deprivation hearing on a purely legal issue. And as the Supreme Court has explained, "if the hearing mandated by the Due Process Clause is to serve any useful purpose, there must be some factual dispute between an employer and a discharged employee." Codd, 429 U.S. at 627 (emphasis added); see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("[T]here was simply no factual dispute that a pre-deprivation notice or hearing could have addressed.").

It also appears that procedures through which Brace might have challenged the Retirement Board's decision were available after his benefits were terminated. As was established at oral argument, Brace might have appealed the Retirement Board's decision

8

in Pennsylvania's own courts, a course of action that would have afforded him review of the merits of the Board's decision.

## IV.

For the foregoing reasons, we will affirm the District Court's order dismissing the case for failure to state a claim upon which relief can be granted.